1

CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Dennis Price, Esq., SBN 279082
Amanda Seabock, Esq., SBN 289900
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

13

**Scott Johnson**,

**Case No.**

14

Plaintiff,

15

v.

**Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act

16

**Equitable Investments**, a California General Partnership; **Tai Wah, Inc.**, a California Corporation; and Does 1-10,

17

18

Defendants.

19

20

Plaintiff Scott Johnson complains of Equitable Investments, a California General Partnership; Tai Wah, Inc., a California Corporation; and Does 1-10 ("Defendants"), and alleges as follows:

21

22

23

24

**PARTIES:**

25

1.   Plaintiff is a California resident with physical disabilities. Plaintiff is a level C-5 quadriplegic. He cannot walk and also has significant manual dexterity impairments. He uses a wheelchair for mobility and has a specially equipped van.

26

27

28

1

2.   Defendant Equitable Investments owned the real property located at or about 491 Veterans Blvd., Redwood City, California, in June 2018.

3.   Defendant Equitable Investments owned the real property located at or about 491 Veterans Blvd., Redwood City, California, in July 2018.

4.   Defendant Equitable Investments owned the real property located at or about 491 Veterans Blvd., Redwood City, California, in October 2018.

5.   Defendant Equitable Investments owns the real property located at or about 491 Veterans Blvd., Redwood City, California, currently.

6.   Defendant Tai Wah, Inc. owned IHOP located at or about 491 Veterans Blvd., Redwood City, California, in June 2018.

7.   Defendant Tai Wah, Inc. owned IHOP located at or about 491 Veterans Blvd., Redwood City, California, in July 2018.

8.   Defendant Tai Wah, Inc. owned IHOP located at or about 491 Veterans Blvd., Redwood City, California, in October 2018.

9.   Defendant Tai Wah, Inc. owns IHOP ("Restaurant") located at or about 491 Veterans Blvd., Redwood City, California, currently.

10. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

Complaint

**JURISDICTION & VENUE:**

11. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

12. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

13. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

14. Plaintiff went to the Restaurant in June 2018, July 2018 and October 2018 with the intention to avail himself of its goods or services, motivated in part to determine if the defendants comply with the disability access laws.

15. The Restaurant is a facility open to the public, a place of public accommodation, and a business establishment.

16. Parking spaces are one of the facilities, privileges, and advantages offered by Defendants to patrons of the Restaurant.

17. Unfortunately, even though there was parking space marked and reserved for persons with disabilities in the parking lot serving the Restaurant during Plaintiff's visits, the parking stall and access aisle were not level with each other because there was a built up curb ramp running into the access aisle.

18. This curb ramp caused slopes greater than 2.1%.

19. Currently, the parking stall and access aisle are not level with each other.

20. Additionally, there was an insufficient number of parking spaces marked and reserved for persons with disabilities. There were approximately

Complaint

54 parking spaces in the parking lot of the Restaurant but only one space was reserved for persons with disabilities. There should have been three parking spaces marked and reserved for persons with disabilities during plaintiff's visits.

21. Entrance into the Restaurant is another one of the facilities, privileges, and advantages offered by Defendants to patrons of the Restaurant.

22. The entrance door hardware at the Restaurant had a pull bar style handle that required tight grasping to operate during plaintiff's visits.

23. Currently, the entrance door hardware at the Restaurant has a pull bar style handle that requires tight grasping to operate.

24. Defendants have failed to maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities at the Subject Properties.

25. Plaintiff personally encountered these barriers.

26. This inaccessible facility denied the plaintiff full and equal access and caused him difficulty.

27. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

28. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

29. For example, there are numerous paint/stripe companies that will come and stripe level parking stalls and access aisles and install proper signage on rapid notice, with very modest expense, sometimes as low as $300 in full

Complaint

compliance with federal and state access standards.

30. The barriers in this complaint are easily fixable. For example, replacing door hardware with accessible hardware is a simple and inexpensive task that can be completed without the need to hire a professional.

31. Plaintiff will return to the Restaurant to avail himself of its goods or services and to determine compliance with the disability access laws. He is currently deterred from doing so because of his knowledge of the existing barriers. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again.

32. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

33. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

34. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone

Complaint

who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a.  A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b.  A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c.  A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

35. Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. 2010 Standards 502.4. "Access aisle are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles." 2010 Standards § 502.4 Advisory. Specifically, built up curb ramps are not permitted to project into access aisles and parking spaces. *Id*. No more than a 1:48 slope is permitted. 2010 Standards § 502.4.

36. Here, the failure to provide level parking is a violation of the law.

37. Any business that provides parking spaces must provide a sufficient number of handicap parking spaces. 2010 Standards § 208. Under the 2010 Standards, a parking lot with 54 spaces must have 3 accessible spaces. 2010 Standards § 208.2 and 1 of them must be van accessible. *Id*. at 208.2.4.

38. Here, there was only one parking space reserved for persons with disabilities.

39. Door hardware must have handles and other operating devices that have a shape that is easy to use with one hand and does not require tight grasping, tight pinching, or twisting of the wrist to operate. 2010 Standards § 404.2.7; 309.4.

40. Here, the failure to provide accessible door hardware is a violation of the law.

41. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

42. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

43. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

44. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations,

Complaint

advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California.  Cal. Civ. Code §51(b).

45. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act.  Cal. Civ. Code, § 51(f).

46. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

47. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

48. Although the plaintiff was markedly frustrated by facing discriminatory barriers, even manifesting itself with minor and fleeting physical symptoms, the plaintiff does not value this very modest physical personal injury greater than the amount of the statutory damages.

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

Complaint

1      3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant

2  to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

3

4  Dated: January 9, 2019          CENTER FOR DISABILITY ACCESS

5

6

7                                 By: _____

8

9                                      Chris Carson, Esq.
                                       Attorney for plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint